IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH GILBERT THERIAULT, et al.,

Plaintiffs,

v.

NEW DIRECTION IRA, INC., et al.,

Defendants.

Case No. 23-2477-JWB

## MEMORANDUM AND ORDER

The matter is before the court on Plaintiffs' motion for a temporary restraining order and preliminary injunction. (Doc. 44.) Plaintiffs have filed a supporting brief. (Doc. 45.) The court has previously granted the motion. (Doc. 46.) The court now provides the rationale for its decision.

**I.  Background**

Plaintiffs Joseph Theriault and William Weigel filed this class action against Defendants New Direction IRA, Inc., New Direction Trust Company, and Mainstar Trust, bringing claims sounding in fraud, negligence, consumer protection, and breach of fiduciary duty. (Doc. 1.) Defendants have all moved to dismiss and compel arbitration. (Docs. 16, 24.) Those motions to dismiss are still pending with the court. Meanwhile, on May 21, 2024, Plaintiffs received an email from New Direction Trust Company stating that all account holders who did not remove assets by July 1, 2024, would be, among other things, bound by a new arbitration agreement and a one-year claims limitation. (Doc. 45-1.) Plaintiffs moved for a temporary restraining order and preliminary injunction based on the email being an abusive communication to Plaintiffs and putative class members. (Docs. 44, 45.)

**II.  Standard**

A district court "has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Roig v. Alder Holdings*, LLC, No. 2:23-CV-00721-TC-JCB, 2024 WL 1492621, at *2 (D. Utah Apr. 5, 2024) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981)). Limiting communication between a party and current or putative class members must be based on clear factual findings that weigh both the need for imposing limitations and the potential interference with the rights of parties. *Id.* at *3. The purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm only so long as necessary to hold a hearing. *Kater v. Churchill Downs Inc.*, 423 F. Supp. 3d 1055, 1060 (W.D. Wash. 2019) (citation omitted). A plaintiff must establish (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) a balance of equities in plaintiff's favor, and (4) an injunction in in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## III.   Analysis

The court analyzes the temporary restraining order factors and finds a limited temporary restraining order is necessary.

Here, the first relevant inquiry is the likelihood of success that the May 21 email constituted an abusive communication. "Many courts have found that a defendant's attempt to foist a new arbitration provision on putative class members is an improper communication." *Kater*, 423 F. Supp. 3d at 1062. "Courts have also found communications improper when they coerce putative class members by exploiting a dependent relationship or giving no realistic opportunity to opt out of the defendant's new terms." *Id.* That is the case here. There are motions to dismiss pending over whether an arbitration clause applies to Plaintiffs' claims and those of the putative class. The May 21 email seeks to impose an arbitration agreement and claims limitation that would moot

Plaintiffs' claims and eliminate the claims of potential class members.  Plaintiffs are in a dependent relationship with New Direction Defendants, and their only option for opting out of the new agreement would be to remove assets from New Direction Defendants' care by July 1.  This is not a realistic opt out for Plaintiffs.  The court thus finds a likelihood of success on the communication being abusive under Rule 23.

Second, as the analysis above shows, there is irreparable harm to Plaintiffs and putative class members should the updated agreement take effect.  It either eliminates or severely restricts claims with no realistic opportunity to preserve those claims.  Finally, the balance of equities and public interest favor Plaintiffs as well.  In examining the balance of equities, the court examines the injury to either side and the effects of granting or denying the motion.  *Id.* at 1064.  Here, the injuries to Plaintiffs and the putative class are great if relief is denied, whereas the injuries to the New Direction Defendants are relatively small.  Plaintiffs and the putative class could lose legal recourse, while New Direction Defendants merely have their new agreement stayed pending a further hearing on final corrective action.  And "[t]he public interest favors allowing courts to control the judicial process and ensure compliance with the Federal Rule of Civil Procedure."  *Id.*

**IV.  Conclusion**

New Direction is temporarily restrained from adopting the 2024 Custodial Agreement.  This order shall expire no later than July 12, 2024, unless extended by the court for good cause.  The court will hold a telephonic status conference on Tuesday, July 9, 2024, at 9:00 a.m.

IT IS SO ORDERED.

Dated: July 2, 2024                              /s/John W. Broomes
                                                 JOHN W. BROOMES
                                                 UNITED STATES DISTRICT JUDGE