IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPH THERIAULT and WILLIAM WEIGEL, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEW DIRECTION IRA, INC., NEW DIRECTION TRUST COMPANY, and MAINSTAR TRUST,<br><br>Defendants. | CONSOLIDATED CASES<br><br>Case No. 23-2477-JWB-ADM |
| CHRISTY WALLACE, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEW DIRECTION IRA, INC., NEW DIRECTION TRUST COMPANY, and MAINSTAR TRUST,<br><br>Defendants. | Case No. 24-2007-JWB-ADM |

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' Motion to Stay Proceedings and for Protective Order Pending Determination of Motion for Summary Judgment. (ECF 134.) By way of this motion, defendants ask the court to stay all "litigation activities," including discovery, until the court decides their motions for summary judgment (ECF 132 in Case No. 23-2477; ECF 84 in Case No. 24-2007). Plaintiffs oppose the requested stay. For the reasons discussed below, the

1

court denies the motion to stay. However, such denial is without prejudice to defendants pursuing targeted relief from the court to the extent they believe particular discovery requests (or categories of discovery requests) are too burdensome to undertake until they have a ruling on the motions for summary judgment.

I.   BACKGROUND

On July 9, 2025, the court consolidated the above-captioned cases, both putative class actions, for discovery and pretrial case-management purposes. (ECF 137.) Plaintiffs in both actions are account holders of self-directed individual retirement accounts ("IRAs") that defendants administered. (ECF 115, at 5.) These self-directed IRAs invested in gold and other precious metals. (*Id.* at 6.) As part of the account-creation process, each plaintiff submitted a form directing that the precious metals purchased in each of their accounts be stored at First State Depository ("FSD"), an institution New Direction recommended to hold precious metals. (*Id.*) In 2022, the Commodity Futures Trading Commission filed a lawsuit against FSD and its owner, Robert Higgins, alleging that FSD and Higgins stole more than $110 million of the precious metals deposited in FSD. (*Id.* at 7.)

Plaintiffs then filed the above-captioned cases, with the same defendants named in each case. Both cases allege that defendants committed fraud, were negligent, breached fiduciary duties, and violated various state consumer-protection laws by, among other things, making inaccurate representations about the security and reputation of FSD. In March 2025, presiding U.S. District Judge John W. Broomes held a summary trial on arbitrability. (ECF 115.) After Judge Broomes declined to compel arbitration, the undersigned U.S. magistrate judge held a scheduling conference on June 5 and entered a scheduling order applicable to both cases. (ECF

124.)  On July 8 and 9, defendants filed substantially similar (and, in large portions, identical) motions for summary judgment in each case.  (ECF 132-133 in Case No. 23-2477; ECF 84-85 in Case No. 24-2007.)

Defendants filed the current motion to stay on July 9.  They ask the court to stay discovery pending the court's ruling on their motions for summary judgment.  Defendants assert that plaintiffs conceded case-dispositive facts during the arbitrability trial, so there is no need to proceed with discovery for the court to rule their dispositive motions, which seek summary judgment on every claim.  Plaintiffs oppose a stay of discovery.  They argue that defendants' summary judgment motions lack merit and will not be granted, but that discovery related to disputed facts at issue in the summary judgment motions is needed.

## II.     LEGAL STANDARD

The court has "broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." (quotation omitted)).  Stays are disfavored, however, because they "can delay a timely resolution of the action."  *McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *1 (D. Kan. Apr. 10, 2020).  Further, "the right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

With these considerations in mind, this district has adopted a longstanding policy not to stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Tomes v. Loancare, LLC*, No. 2:22-cv-02421-JWB-KGG, 2023 WL 2784844, at *2 (D. Kan. Apr. 5, 2023) ("The district of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion."). "[B]are assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally." *Cont'l Ill. Nat. Bank & Tr. Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990). A stay *may* be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Myles v. Walmart, Inc.*, No. 22-4069-DDC-ADM, 2023 WL 1469456, at *1-2 (D. Kan. Feb. 2, 2023). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708; *see also Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC,* No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016) ("A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay.").

### III.   ANALYSIS

First, defendants assert that a stay is appropriate because if their motions for summary judgment are granted, they will dispose of the entire litigation. Defendants also argue that discovery is unnecessary to resolve their dispositive motions because their arguments for summary judgment are based on contracts that plaintiffs conceded at the summary trial are valid. Plaintiffs

counter that defendants' summary judgment-motions misconstrue plaintiffs' theories of recovery in the cases, particularly that defendants were acting fraudulently. Plaintiffs state that under their theory of the cases, merits-based discovery is needed. Plaintiffs note that their upcoming summary-judgment responses will include a Federal Rule of Civil Procedure 56(d) request that the court defer ruling the motion until more discovery can be had. They state that their fraud and fraud-by-silence claims are particularly fact intensive.

At this stage in the proceedings, the court is not persuaded—at least not any more so than when reviewing dispositive motions filed in other complex cases—that these cases are likely to be fully resolved via the pending summary judgment motions. The court does not presume to predict how Judge Broomes will rule, but plaintiffs here raise what appear to be legitimate arguments against the entry of summary judgment in defendants' favor based solely on defendants' theories of the cases. Quite simply, the pending summary judgment motions do not appear to be any more meritorious (and hence likely to end the case) than dispositive motions regularly filed in this court. In fact, it appears that they may be subject to denial as premature in view of plaintiffs' claimed need for discovery in order to respond. In view of the above, the court cannot conclude that it is *likely* that all of the cases will be resolved upon the district judge's ruling. *See Green v. Blake*, No. 18-2247-CM-JPO, 2020 WL 618602, at *1 (D. Kan. Feb. 10, 2020) (declining to stay discovery where the outcome of the defendants' pending dispositive motion was unclear).

Second, defendants assert that discovery in this case will be wasteful and burdensome because no additional discovery is needed to resolve this case on summary judgment. Defendants note that plaintiffs have served 123 document requests, which defendants argue are facially burdensome and do not seek documents that pertain to *defendants'* version of the case. (ECF 134,

5

at 7 ("But what is most revealing about those 123 document requests is that none of them specifically seek information about the points that are dispositive of this case.").) As noted above, however, plaintiffs contend that defendants' dispositive motions misconstrue the claims plaintiffs assert in the cases. Plaintiffs argue discovery is needed for them to fully support their fraud-based claims. Plaintiffs further state that defendants never met and conferred with them in an attempt to narrow the document requests and that, since defendants filed the current motion, plaintiffs have agreed to limit the temporal scope of their requests.

The court is not persuaded that participating in discovery at this procedural juncture would be wasteful or burdensome to the point that a stay is justified. "That litigation requires time and resources from the parties does not justify, on its own, a discovery stay." *Green,* 2020 WL 618602, at *2. Although defendants assert that discovery will be "burdensome," defendants' objection on this ground appears premature. Defendants must meet and confer with plaintiffs' counsel to see if the parties can reach an agreement on whether specific discovery can be narrowed or delayed until after a ruling on the motion to dismiss. If the parties cannot reach agreement, defendants may seek a discovery conference by emailing the undersigned judge's chambers. The court may then grant defendants leave to file a motion for a protective order.

Finally, the pending summary judgment motions do not raise issues as to defendants' immunity from suit. Defendants' assertion that, as a practical matter, they have "contractual immunity," is wholly without merit. (ECF 134, at 9.)

In sum, defendants have not met their burden to demonstrate that this is an exceptional case warranting a blanket discovery stay. Plaintiffs have a right to proceed with this action in a timely

manner, absent a strong showing by the movants. For the reasons discussed above, the court denies defendants' motion to stay.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Proceedings and for Protective Order Pending Determination of Motion for Summary Judgment (ECF 134) is denied.

Dated August 22, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge