# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSEPH THERIAULT and WILLIAM WEIGEL,
*individually and on behalf of all those similarly situated*,

        Plaintiffs,

v.

NEW DIRECTION IRA, INC., NEW DIRECTION
TRUST COMPANY, and MAINSTAR TRUST,

        Defendants.

Case No.  23-2477-JWB

---

CHRISTY WALLACE
*on behalf of herself and all others similarly situated*,

        Plaintiff,

v.

NEW DIRECTION IRA, INC., NEW DIRECTION
TRUST COMPANY, and MAINSTAR TRUST,

        Defendants.

Case No.  24-2007-JWB

## MEMORANDUM AND ORDER

This matter comes before the court on Defendants' motions for summary judgment in both captioned cases above (*Theriault* Doc. 132, *Wallace* Doc. 84), in addition to Defendants' objection to Magistrate Judge Mitchell's denial of Defendants' motion to stay proceedings pending the determination of the motions for summary judgment. (*Theriault* Doc. 160.)  These motions are all fully briefed and ripe for decision.  (*Theriault* Docs. 140, 156, 160, 161, 162, 168, 169, 170, *Wallace* Docs. 97, 104, 109, 110.)   For the reasons stated herein, the motions for summary

1

judgment are denied without prejudice and the objection to the Magistrate Judge's order is denied as moot.

I.    **Facts**

This court has previously set out the facts underlying this dispute in its previous order on the summary trial regarding the issue of arbitrability. *See Theriault v. New Direction IRA, Inc.*, No. 23-2477-JWB, 2025 WL 958255, at *1–*3 (D. Kan. Mar. 31, 2025). However, it will briefly repeat the relevant facts.

Defendants New Direction IRA and New Direction Trust Company (hereinafter "New Direction" when they act together) provide account administration and custodian services for self-directed individual retirement accounts ("IRAs"). New Direction offers both traditional and Roth self-directed IRAs, each of which permits account holders a tax privileged way to hold alternative assets, such as private equity, real estate, and precious metals. Given that New Direction is a nonfiduciary and does not secure any assets of their account holders, their business comprises keeping records, preparing all mandatory IRS reports, and passively holding title to the account holder's assets. New Direction IRA was originally created as a franchise of Entrust Group in 2003 (and was called Entrust Group New Direction at that time). However, Entrust Group changed their business model in 2011 and allowed Bill Humphrey and Katherine Wynne to purchase the New Direction franchise. Thereafter, Mainstar Trust became the custodian of the accounts while New Direction IRA existed as a third-party administrator. In 2018, New Direction Trust Company was founded to become the custodian for New Direction IRA accounts in response to changing market conditions and competitor behavior, and Mainstar Trust transferred title for these accounts to New Direction Trust Company.

Plaintiffs in this matter are three individual account holders of self-directed IRA's which

are administered by New Direction.  Plaintiff Dr. Gil Theriault is a family medicine physician from

Vermont, who has had numerous accounts with New Direction, but he opened the self-directed

Roth IRA account most relevant to this matter in September 2012.  Plaintiff William Weigel is a

Kansas resident who opened his traditional self-directed IRA with New Direction in October 2016.

Plaintiff Christy Wallace is a California resident who opened her traditional self-directed IRA with

New Direction in July 2016.  Each of these Plaintiffs chose to open a New Direction self-directed

retirement account for the purpose of investing in gold and other precious metals.  As part of the

account creation process, each Plaintiff submitted a Depository Election Form, directing that the

precious metals purchased in each of their accounts were to be stored at First State Depository

("FSD") in Wilmington, DE, which was an institution affiliated with New Direction and to which

New Direction steered their account holders.  Each Plaintiff also submitted a Precious Metals Buy

Direction Letter to New Direction and received confirmation that their purchase had been executed

as they had directed.

According to Plaintiffs, the Commodity Futures Trading Commission filed a lawsuit in

2022 against FSD and against its owner, Robert Higgins, in the U.S. District Court for the District

of Delaware alleging that FSD and Higgins had stolen more than $110 million of the precious

metals deposited at FSD.  A large amount of the stolen assets included precious metals from self-

directed IRA accounts, including the New Direction accounts of each of the Plaintiffs.  Plaintiffs

then filed two complaints alleging various counts of fraud, negligence, breach of fiduciary duties,

and violations of state consumer protection laws in addition to requesting dueling class

certifications.

In response, Defendants filed motions to dismiss and compel arbitration according to April

2019 amended Custodial Agreement and Disclosure Statement documents in which the Defendants

attempted to add a binding arbitration agreement. Given that the two cases presented similar issues and identical Defendants, the court ordered a single summary trial on the issue of arbitrability and ordered that both cases would have coordinated hearings. The court then held the summary trial on arbitrability on March 4–5, 2025. After hearing testimony and considering the evidence presented, the undersigned denied Defendants' motion to compel arbitration.

Shortly thereafter, Defendants moved for summary judgment based on the exhibits admitted at the summary trial regarding arbitration. Defendants' motion was filed one month after the scheduling order was entered and less than three months after they filed their respective answers. In response to the motions, Plaintiffs asserted that they needed to conduct discovery in order to respond to some of the material facts at issue and submitted an affidavit from their counsel, Scott Nehrbass, in support. In reply, Defendants do not address all of Plaintiffs' contentions as to issues needing further discovery; rather, Defendants assert that the material facts of the contracts undergirding the self-directed IRA accounts are undisputed and the language of these contracts absolve Defendants of any liability for investment losses in the IRA accounts.

## II.    Analysis

Federal Rule of Civil Procedure 56(d) "allows a court to stay or deny a summary judgment motion in order to permit further discovery if the nonmovant states by affidavit that it lacks facts necessary to oppose the motion." *Emp'rs Reinsurance Corp. v. Newcap Ins. Co., Ltd.*, 209 F. Supp. 2d 1184, 1187, n. 3 (D. Kan. 2002) (citing *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000)). The general principle of Rule 56(d) is that "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986)). Plaintiffs have complied with the rule by submitting an affidavit and identifying the necessary

discovery needed so that Plaintiffs may sufficiently respond to a motion for summary judgment. (*Theriault* Doc. 161-2, *Wallace* Doc. 104-2.)  Defendants argue that the account documents signed by all Plaintiffs conclusively absolve Defendants of any and all liability for the financial losses sustained by storing precious metals at FSD; however, Plaintiffs are alleging claims not only based on fiduciary duties and stolen investments, but they are also alleging fraud between the New Direction Defendants and FSD in steering account holders and potential kickback schemes. Plaintiffs' affidavit asserts that Defendants had a relationship with FSD and/or Higgins that materially benefited Defendants based on FSD's past practices.  (*Theriault* Doc. 161-2 at 16–17.) Further, Defendants may have had prior knowledge about the FBI seizing precious metals from Higgins and FSD in the past.  New Direction also may have performed audits on FSD but advised FSD of the accounts being audited beforehand.  (*Id.* at 21.)  Based on the record, it is undisputed that Plaintiffs have not had the opportunity to conduct discovery on the issue of fraud and the relationship between Defendants and FSD.  Further, Plaintiffs seek discovery on Defendants' contract based defenses.  Plaintiffs argue that the clauses Defendants point to are unenforceable due to unconscionability and fraud, are inapplicable to the claims, and that Defendants owe other duties to Plaintiffs.  (*Theriault* Doc. 161.)  Plaintiffs have requested discovery on these and other issues but have not had the opportunity to complete discovery.

"Unless dilatory or lacking in merit, [a motion under Rule 56(d)] should be liberally treated." *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (quoting James W. Moore & Jeremy C. Wicker, Moore's Federal Practice ¶ 56.24 (1988)). Based on the record, it is clear that the facts as to which Plaintiff seeks discovery are material to the issues in this case.  Plaintiffs' counsel's affidavit is extensive and identifies a significant number of facts that may be material as to many issues in this case and documents the efforts to obtain those facts

as soon as discovery opened.  (*Theriault* Doc. 161-2 at 2–26.)  Discovery in this case began shortly before the briefing on the motions for summary judgment and it has continued after Magistrate Judge Mitchell denied Defendants' motion to stay.  The discovery conducted prior to the hearing on the motion to compel arbitration was limited to the issue of arbitrability.  As such, Plaintiffs were not able to seek discovery on the range of issues that are directly relevant to their claims in this matter.

Defendants' reply briefs addressing Plaintiffs' Rule 56(d) affidavit are not persuasive.  The New Direction Defendants continue to assert that discovery is unnecessary as the language they point to should control and that should be the end of the matter.  More persuasive, Mainstar argues that the limited facts at issue regarding its involvement should foreclose this matter and allow summary judgment to be granted in its favor.  Plaintiffs, however, have put forth an exhaustive affidavit which outlines that they seek discovery on several topics including contract formation, parties' intent, any oral contracts, Defendants' relationship with FSD and Higgins, the nature of Defendants' duties to Plaintiffs, timing of Defendants' representations to Plaintiffs regarding FSD, and whether any of the contract documents were procured by fraud.  (Doc. 161-2 at 28.)  Notably, Plaintiffs also seek discovery of the close relationship between Mainstar and New Direction, given that a majority of New Direction's board of directors were executives of Midwest Trust, Mainstar's parent company.

Based on Plaintiffs' counsel's affidavit and the disputes at issue, the court denies Defendants' motions for summary judgment without prejudice and will allow Plaintiffs to conduct discovery.  In sum, after considering all circumstances, the court concludes that an opportunity for discovery is necessary for a full and fair determination of the issues raised in this case.

IV.    **Conclusion**

6

The motions for summary judgment (*Theriault* Doc. 132, *Wallace* Doc. 84) are DENIED

WITHOUT PREJUDICE.   The objection (*Theriault* Doc. 160) to Magistrate Judge Mitchell's

denial of the motion to stay proceedings pending the determination of the motions for summary

judgment is DENIED AS MOOT.

IT IS SO ORDERED.   Dated this 5th day of February, 2026.

        __s/ John W. Broomes_____
        JOHN W. BROOMES
        CHIEF UNITED STATES DISTRICT JUDGE