# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPH THERIAULT and WILLIAM WEIGEL, individually and on behalf of all those similarly situated, | **CONSOLIDATED CASES** |
| | Case No. 23-2477-JWB-ADM |
| Plaintiffs, | |
| v. | |
| NEW DIRECTION IRA, INC., NEW DIRECTION TRUST COMPANY, and MAINSTAR TRUST, | |
| Defendants. | |
| CHRISTY WALLACE, on behalf of herself and all others similarly situated, | Case No. 24-2007-JWB-ADM |
| Plaintiffs, | |
| v. | |
| NEW DIRECTION IRA, INC., NEW DIRECTION TRUST COMPANY, and MAINSTAR TRUST, | |
| Defendants. | |

## ORDER

On August 5, 2026, the court convened a telephone conference at the parties' request. The parties had gathered to conduct plaintiff Christy Wallace's deposition, and a dispute arose as to whether plaintiffs Joseph Theriault and William Weigel could attend. Defendants made an oral motion for a protective order asking the court to exclude Theriault, Weigel, and Wallace from attending one another's depositions. (ECF 291.) For the reasons explained more fully on the record, the court denied the motion.

First, the court views Theriault, Weigel, and Wallace as parties to the same action for discovery purposes, pursuant to the court's consolidation order. (*See* ECF 137.) The consolidation order specifically found: "Consolidation would promote judicial (and party) economy by eliminating duplication in discovery, *particularly depositions*, because witnesses in both cases may significantly overlap. Defendants do not contest consolidation for discovery purposes." (*Id.* at 3 (emphasis added).) Parties have a right to attend depositions in their cases. *See Conrad v. Bd. of Johnson Cnty. Kan. Comm'rs*, No. 00-2277-DJW, 2001 WL 1155298, at *1 (D. Kan. Sept. 17, 2001).

Second, even if Theriault, Weigel, and Wallace are not considered parties to the same action, the court would allow them to attend one another's depositions pursuant to Federal Rule of Civil Procedure 30(c)(1). Rule 30(c)(1) states, in relevant part, that the "[e]xamination and cross-examination of a deponent proceed as they would at trial under the provisions of the Federal Rules of Evidence, except Rules 103 and 615." Federal Rule of Evidence 615 provides that the court, upon request, "must order witnesses excluded . . . so that they cannot hear other witnesses' testimony." The 1993 Advisory Committee Notes to Rule 30(c) emphasize that Rule 615's exclusion from Rule 30(c) was intended to establish a general rule that "other witnesses are not automatically excluded from a deposition simply by the request of a party." Instead, exclusion of individuals from depositions requires entry of a Federal Rule of Civil Procedure 26(c) protective order. *See* 1993 Advisory Committee Notes to Rule 30(c).

Here, Theriault, Weigel, and Wallace are fact witnesses in one another's cases. Defendants have not demonstrated that special circumstances warrant sequestering them from one another's depositions. Rather, defendants only express a generalized concern that one's testimony might be influenced by what he or she hears another say. This generalized concern does not demonstrate

2

good cause for entry of a protective order.  *See Morris v. Legend Senior Living, LLC*, No. Civ-11-302-M, 2012 WL 874611 (W.D. Okla. March 14, 2012); *Radian Asset Assurance, Inc. v. College of the Christian Brothers of New Mexico*, No. Civ. 09-0885, 2010 WL 5476782 (D. N.M. Nov. 24, 2010); *Visor v. Sprint/United Mgmt. Co.*, No. 96-K-1730, 1997 WL 567923 (D. Colo. Aug. 18, 1997).

**IT IS THEREFORE ORDERED** that defendants' motion for a protective order (ECF 291) is denied.

Dated August 5, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge